

FILED

# UNITED STATES DISTRICT COURT
for the

JUN 05 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Henry Lii
_____
Petitioner

v.

Crolli (Warden- USP Atwater)
_____
Respondent
*(name of warden or authorized person having custody of petitioner)*

)
)
)
)
)
)
)
)
)

Case No. 1: 20CV00786 EPG(HC)
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name: Henry Kapononuiahopili Lii
    (b) Other names you have used: _____

2.  Place of confinement:
    (a) Name of institution: USP Atwater,
    (b) Address: P.O. Box 019001
        Atwater, CA 95301

    RECEIVED

    (c) Your identification number: 86437-022

    JUN 05 2020

    CLERK, U.S. DISTRICT COURT
    EASTERN DISTRICT OF CALIFORNIA
    BY _____
    DEPUTY CLERK

3.  Are you currently being held on orders by:
    ☑ Federal authorities  ☐ State authorities  ☐ Other - explain:

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
    (a) Name and location of court that sentenced you: U.S. District Court,
        District of Hawaii
    (b) Docket number of criminal case: 1:06-cr-00143-JMS.
    (c) Date of sentencing: 02-06-2007
    ☐ Being held on an immigration charge
    ☐ Other *(explain)*: _____

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Page 2 of 9

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other *(explain)*: _____

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: U.S. District Court, District of Hawaii
   (b) Docket number, case number, or opinion number: 1:06 Cr -00143 - JMS
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
   Enhancement under 21 U.S.C. §841 / 851
   (d) Date of the decision or action: MAY 29, 2020

### Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☐ Yes     ☑ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: _____
       (2) Date of filing: _____
       (3) Docket number, case number, or opinion number: _____
       (4) Result: _____
       (5) Date of result: _____
       (6) Issues raised: _____

   (b) If you answered "No," explain why you did not appeal: _____

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes     ☑ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: _____

    (2) Date of filing: _____

    (3) Docket number, case number, or opinion number: _____

    (4) Result: _____

    (5) Date of result: _____

    (6) Issues raised: _____

_____

_____

_____

_____

(b) If you answered "No," explain why you did not file a second appeal: _____

_____

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes        ☐ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: _____

    (2) Date of filing: _____

    (3) Docket number, case number, or opinion number: _____

    (4) Result: _____

    (5) Date of result: _____

    (6) Issues raised: _____

_____

_____

_____

_____

(b) If you answered "No," explain why you did not file a third appeal: _____

_____

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☑ Yes        ☐ No

If "Yes," answer the following:

(a)     Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ☑ Yes        ☐ No

If "Yes," provide:
(1) Name of court: U.S. District Court, District of Hawaii
(2) Case number: 1:09-CV-367-JMS-KSC
(3) Date of filing: "UNKNOWN" 03/15/2006
(4) Result: Denied
(5) Date of result: January 22, 2010
(6) Issues raised: Motion to Vacate, Set Aside or Correct Sentencing... "Not sure"

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes ☑ No
If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: Petitioner is actually innocent of the Mandatory Life Enhancement under 851, which claim couldn't have been raised earlier, until the decision in Mathis and Allen v. Ives. In addition, Petitioner did not have an unobstructed procedural shot at presenting the claim previously during direct appeal & his 2255 because it was foreclosed by Circuit precedents

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes ☑ No
If "Yes," provide:
(a) Date you were taken into immigration custody:
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes ☐ No

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

_____

    (d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes           ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes        ☑ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

**Grounds for Your Challenge in This Petition**

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Lii's Prior Hawaii Drug Convictions are not Qualifying Predicates for Section 851 Enhancement Under Mathis and Descamps

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
Hawaii Drug Offenses statute Sweep Broader than the generic definition of a Prior Drug offense under 21 U.S.C. § 802 (44), and the least way to violate the two Hawaii statutes do not categorically constitute a crime as a "Prior drug Felony Drug Offense" to support 851 Enhancement. See Memorandum & Points in Support.

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes   ☑ No

**GROUND TWO:** Mathis and Descamps Retroactively Established that Under the Categorical Approach, Lii's Prior Hawaii Convictions are not "Felony Drug Offenses" as Defined in 21 U.S.C. § 802 (44). ~~See Memorandum & Points in support~~.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
See Memorandum of Points and Authority in Support.

Because under Mathis/Descamps retroactive application, and the categorical analysis, the two priors used for the 851 enhancement are disqualified. See Memorandum of Points in Support

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes   ☑ No

**GROUND THREE:** Lii Did not have an Unobstructed Procedural Shot at Presenting the Claim Earlier

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
Lii's claim for Actual Innocence for the § 851 Enhancement was foreclosed by Ninth Circuit precedents during direct appeal and his first 2255 Motion, until Mathis ruling, then Allen v. Ives. See Memorandum of Points & Authorities in support

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes   ☑ No

GROUND FOUR: Lii is Actually Innocent of the Section 851 Enhancement of Mandatory Life Imprisonment.

(a) Supporting facts (Be brief. Do not cite cases or law.):

Because Lii's two Hawaii's drug convictions categorically are not Felony Drug Offenses under § 802(44) (Mathis, and Descamps, Lii is actually innocent of such Enhancement that relied on his prior Hawaii convictions. See Memorandum of Points and Authorities in Support.

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes          ☑ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: The claims raised herein were never ripe for review prior to Mathis' ruling and Allen v. Ives ruling, because they were previously foreclosed by Ninth Circuit precedents.

**Request for Relief**

15. State exactly what you want the court to do: Grant the Writ, by reversing the Mandatory Life Sentence and to resentence Petitioner to time-served in absence of the 851 Enhancement; or any other relief this Court deems fair and just

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_Henry K Rie          05 / 29 / 2020_

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _05 / 29 / 2020_          _Henry K. Rie_
                                         *Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

_____

HENRY KAPONONUIAHOPILI LII, | Case No. _____

        Petitioner,   | Crim. No. 1:06-cr-00143-JMS

                  | MEMORANDUM OF POINTS AND

        vs.         | AUTHORITY IN SUPPORT OF

                  | MOTION UNDER 28 USC § 2241

WARDEN CIOLLI, USP ATWATER,  |

        Respondent.   |

_____|_____

COMES NOW, Henry Kapononuiahopili Lii (hereafter, "Lii"), and respectfully moves this Court to enter an Order to vacate his Life sentence under the Savings Clause, on the grounds that he's actually innocent of the Section 851 enhancement. Lii request that this court construe his pleading liberally because he is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1927).

A.    History of Case

Lii was charged for Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or more of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and (b)(1)(A), Count 1; Distribution of 50 Grams or more of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), Count 2; and Possession with Intent to Distribute 5 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(B). Prior to trial, the United States filed notice of its intent to seek the statutory enhanced sentence, which increased the statutory minimum penalty from 10 years to a mandatory life sentence. Thereafter, Lii entered a guilty plea to the indictment. At sentencing the court imposed a term of life imprisonment for Count 1 to be served concurrent with the terms imposed for Counts 2 and 3. Lii pursued an appeal in the Court of Appeals for the Ninth Circuit, and the judgment was affirmed. United States v. Lii, No. 07-10099. A writ of certiorari was filed, and denied.

Lii filed a habeas petition pursuant to 28 U.S.C. § 2255, which was denied on August 10, 2009 in Case No. 1:09-cv-367-JMS-KSC. A Motion for Reconsideration of his § 2255 claims was filed and granted on November 25, 2009, but the court once again denied relief on January 22, 2010. Lii also filed a Motion for Reduction in Sentence, pursuant to 18 U.S.C. § 3582(c)(2), in Case No. 12-00643-JMS-BME. This motion was denied on December 4, 2015.

B. Standard of Review

Lii contends that: (1) he is "actually innocent" of his enhanced sentence under 21 U.S.C. §§ 841/851; (2) that the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test his claim of actual innocence; and (3) the district court has jurisdiction to entertain his § 2241

2

petition in light of Mathis v. United States, 136 S. Ct. 2243
(2016), Descamps v. United States, 570 U.S. 254 (2013), and
Ninth Circuit's recent decision in Allen v. Ives, 950 F.3d
1184 (9th Cir. 2020).

## Grounds for Relief

I. Lii's Prior Hawaii Drug Convictions are not
Qualifying Predicates for § 851 Enhancement
Under Mathis and Descamps

Prior to the entry of Lii's guilty plea, the Government
filed two prior drug felony notices against him. The
Government used his prior Hawaii convictions, in Case No.
1PC88-0826 (Promoting dangerous drugs), and Case No. 1PC88-
2308 (promoting detrimental drugs). The United States took the
position that these two prior convictions qualified as "felony
drug offenses" under 21 U.S.C. 841(b)(1)(A). The term "felony
drug offense" is defined in 21 U.S.C. § 802(44) as:  "[a]n
offense that is punishable by imprisonment for more than one
year under any law of the United States or of a State or
foreign country that prohibits or restricts conduct relating
to narcotic drugs, marihuana, anabolic steroids, or depressant
or stimulant substances." (emphasis added).

Because the Hawaii statutes as a whole "comprises
multiple, alternative versions of the crimes," the statutes
are divisible and subject to the modified categorical
approach. See Descamps, 133 S. Ct. at 2284. Accordingly, this

3

court must identify from among several alternatives, the plea transcripts, and the sentencing transcripts, the crime of conviction, so the court can determine if Lii's crimes are deemed § 851 qualifying offenses. Id at 2285. Lii contends that they are not in light of Descamps and Mathis categorical analysis.

The Ninth Circuit applies a three-step analysis to determine whether a prior conviction under state law qualifies as a predicate drug trafficking offense under the federal sentencing guidelines. The first inquiry is whether the state law is a categorical match with a federal drug trafficking offense. See Taylor v. United States, 495 U.S. 575, 599-600, 109 L. Ed. 2d 607 (1990). At the first step, the courts look only to the "statutory definitions" of the corresponding offense. Id. at 600. If a state law "proscribes the same amount of or less conduct than" that qualifying as a federal drug trafficking offense, then the two offenses are a categorical match. United States v. Hernandez, 769 F.3d 1059, 1062 (9th Cir. 2014)(per curaim); see also Taylor, 495 U.S. at 599. It is clear that Hawaii's drug statute that criminalizes "promoting detrimental drugs, a third degree felony, like many California State drug statutes, is not a categorical match with a federal drug trafficking offense.

At the second step, the court would ask whether the Hawaii statute is a divisible statute which "sets out one or more elements of the offense in the alternative." Descamps v. United States, 133 S. Ct. 2276, 2281, 186 L. Ed. 2d 438 (2013). In Mathis, the Supreme Court reiterated the importance of the abstract comparison of elements, explaining that a

4

statute is divisible only when it "list[s] elements in the alternative, and thereby define[s] multiple crimes." 136 S. Ct. at 2249. Mathis did not change the rule stated in Descamps; it only reiterated that the Supreme Court meant what it said when it instructed courts to compare elements. However, Mathis also instructed courts not to assume that a statute lists alternative elements and defines multiple crimes simply because it contains a disjunctive list. Id. Instead, Mathis instruct courts to consult "authoritative sources of state law" to determine whether a statute contains alternative elements defining multiple crimes or alternative means by which a defendant might commit the same crime. Mathis, 136 S. Ct. at 2256.

To determine whether Lii's Hawaii's convictions qualifies as a federal felony drug offense under § 802(44), the court must look to the statutory elements under which Lii was previously convicted, rather than the underlying conduct or facts giving rise to that conviction. United States v. Hollis, 490 F.3d 1149, 1157 (9th Cir. 2007), abrogated on other grounds by DePierre v. United States, 564 U.S. 70 (2011); accord U.S. v. Hernandez, 312 Fed. Appx 937, 939 (9th Cir. 2009)(unpublished)(applying the categorical approach to the "felony drug offense" definition).

This analysis requires a categorical comparison between the predicate offense of conviction, and the federal definition of prior drug offense in § 802(44). Thus the court would ask whether the statute of conviction is a categorical match to the generic predicate offense; that is, if the statute of conviction criminalizes only as much (or less)

5

conduct than the generic offense. Medina-Lara v. Holder, 771
F.3d 1106, 1112 (9th Cir. 2014). If there's no dispute on this
matter between Lii and the United States, then the court must
ask if the statute of convictions comparatively overboard
element is divisible.

If promoting dangerous drugs, and promoting detrimental
drugs, as charged in the Hawaii statutes are divisible under
Mathis, then the court may proceed to the third step in the
analysis and apply the modified categorical approach. At this
step, the court examines judicially noticeable documents of
conviction "to determine which statutory phrase was the basis
for the conviction." Descamps, 133 S. Ct. 2285; Shepard v.
United States, 544 U.S. 13, 16, 161 L. Ed. 2d 205 (2005).

Looking to the limited class of documents from the record
of the prior convictions, Mathis, 136 S. Ct. at 2249, there is
simply no indication of which controlled-substance element Lii
pleaded guilty to as part of his convictions in Case No.
1PC88-0826 and 1PC88-2308. As to both cases, Lii do not have
the Shepard documents in his possession. However, the
Government shoulders the burden here to prove a prior
conviction qualifies as a felony drug offense under Descamps,
Mathis, and the categorical analysis. See e.g. United States
v. Ocampo-Estrada, 873 F.3d 661 (9th Cir. 2017). In that case,
the Government lacked proof that Ocampo's prior drug felony
was a qualifying predicate for the § 851 enhancement. So the
Government hangs its case on Ocampo's statement made when
objecting the presentence report in the instant federal case.

Ocampo stated his prior offense "involve[d] 57 grams of

6

methamphetamine." However, on direct review, the Ninth Circuit held that there were two problems with relying upon this statement as a basis to enhance Ocampo's sentence. First, Ocampo's statement made in the instant case appears in a document that is outside of the "limited class of documents" from the record of a prior conviction upon which a sentencing court may rely to determine which version of an offense was the basis for a prior conviction. Mathis, 136 S. Ct. at 2249.

Second, this statement does not constitute an admission that methamphetamine was the element of section 11378 to which Ocampo pleaded guilty-at best it indicates that the conduct giving rise to his prior conviction "involve[d]" methamphetamine. Further, the Ninth Circuit noted that the Supreme Court has expressly forbidden reliance upon the underlying facts of a prior conviction to determine whether the prior offense categorically matches the federal statute at issue. Descamps, 133 S. Ct. at 2287 (a sentencing court cannot "discover what the defendant actually did" and then use those discovered facts to establish a categorical match); see also Sahagun-Gallegos, 782 F.3d at 1100-01 (same).

Lii hereby contends that his prior Hawaii drug convictions are not qualifying drug felony convictions under 21 U.S.C. § 802(44) in light of Descamps, and Mathis, and he is actually innocent for the § 851 mandatory life imprisonment enhancement consistent with Allen v. Ives' ruling.

    II. Mathis and Descamps Retroactively Established
        that Under the Categorical Approach,
        Lii's Prior Convictions are not Felony Drug

Offenses as Defined in 21 USC 802(44)

Lii contends that Mathis v. United States, 136 S. Ct.
2243 (2016), and Descamps v. United States, 570 U.S. 254
(2013), retroactively established that under the categorical
approach of Taylor v. United States, 495 U.S. 575 (1990), his
Hawaii drug convictions are not felony drug offenses as
defined in 21 U.S.C. § 802(44), and therefore he is actually
innocent of being categorized as a section 851 offender. On
this basis, Lii is requesting resentencing without the § 851
enhancement.

The Ninth Circuit held, "[O]ur holding that Allen has
made a cognizable claim of actual innocence, and that he did
not have an unobstructed procedural shot at presenting that
claim resolves the question of statutory jurisdiction in this
case." Allen v. Ives, Id. "We take the opportunity to clarify
that Mathis and Descamps apply retroactively when a court
reviews a criminal judgment in the course of addressing a §
2241 petition or a first § 2255 motion." A rule is substantive
rather than procedural if it alters the range of conduct or
the class of persons that the law punishes. Welch v. United
States, 136 S. Ct. 1257, 1264-65 (2016)(quoting Schriro v.
Summerlin, 542 U.S. 348, 353 (2004)).

In sum, the Ninth Circuit held that Mathis and Descamps
alters "the range of conduct ... that the law punishes" and
not "only the procedures used to obtain the conviction."
Welch, 136 S. Ct. at 1266. Further, the Court held, "[w]e have
previously recognized that decisions that alter the
substantive reach of a federal statute apply retroactively in

§ 2241 proceedings under the escape hatch." Id. See also
Alaimalo, 645 F.3d 1042. The Supreme Court's decisions in
Mathis and Descamps therefore will apply retroactively to a
review of Allen's sentence on remand. Accordingly, Mathis and
Descamps alters the range of conduct that § 851 punishes, thus
creating a material effect in Lii's case that warrants relief
under the savings clause.

III. Lii did not have an Unobstructed Procedural
     Shot at Presenting the Claim Earlier

When deciding whether a petitioner has had an
"unobstructed procedural shot," the courts consider: (1)
whether the legal basis for petitioner's claim did not arise
until after he had exhausted his direct appeal and first §
2255 motion; and (2) whether the law changed in any way
relevant to petitioner's claim after that first § 2255
motion." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir.
2008). If an intervening court decision after a prisoner's
direct appeal and first § 2255 "effects a material change in
the applicable law [,]" then the prisoner did not have an
unobstructed procedural shot to present his claim. Alaimalo,
645 F.3d 1042, 1047 (9th Cir. 2011).

Lii's claim of actual innocence for the § 851 enhancement
was foreclosed by existing precedents at the time of his
direct appeal and his first section 2255 motion. Under the law
at that time of his § 2255 motion, Descamps and Mathis was
unavailable to be applied categorically to States drug
statutes. Moreover, pre-Descamps and Mathis, courts were still

looking at defendants conducts rather than the elements of the
state statute, and assessing whether the least way of
violating the statute matches the generic offense. See
Moncrieffe v. Holder, 569 U.S. 184, 190-91 (2013)(courts must
presume that the defendants' conviction rested upon nothing
more than the least of the acts criminalized, and then
determine whether even those acts are encompassed by the ...
definition.).

After Mathis' decision, the Ninth Circuit begin to apply
the categorical approach to States prior drug convictions as
these convictions relates to enhanced-penalties. See United
States v. Martinez-Lopez, 864 F.3d 1034; United States v.
Ocampo-Estrada, 873 F.3d 661 (9th Cir. Apr. 4, 2017); United
States v. Mapuatuli, 762 Fed Appx 419 (9th Cir. Feb 13, 2019);
and United States v. Graves, 925 F.3d 1036 99th Cir. 2019).
Based on the Supreme Court's later decisions in Descamps and
Mathis, and Ninth Circuit's recent decision in Allen v. Ives,
Lii is able to argue that (1) the categorical approach should
apply to his Hawaii prior convictions that were used to seek
the § 851 enhancement to a mandatory life imprisonment term;
(2) his Hawaii prior convictions are not categorically "felony
drug offenses" under 21 U.S.C. § 802(44), and (3) he's
actually innocent of the § 851 enhancement that rested on two
priors that are not qualified predicates. The legal basis for
this argument arose only after Lii had appealed and after he
had filed his § 2255 motion.

The Ninth Circuit have held that the decisions in
Descamps and Mathis do not meet the standard for a second or
successive § 2255 motion because they interpreted federal

statutes, not the Constitution. See Arazola-Galea v. United
States, 876 F.3d 1257, 1259 (9th Cir. 2017; Ezell v. United
States, 778 F.3d 762, 766 (9th Cir. 2015). Because Lii's claim
under Descamps and Mathis "did not become available until
after the exhaustion of direct appeal and § 2255, and that
claim does not satisfy the criteria of § 2244 for a second or
successive § 2255 motion, Lii has not had (and, indeed, will
never get), an opportunity to present his claim in a § 2255
motion that his priors are not predicates in light of Descamps
and Mathis. Stephens, 464 F.3d at 898.

IV. Lii is Actually Innocent of Section 851
    Mandatory Life Sentence Enhancement

In Allen v. Ives, the Ninth Circuit posed the question in
this way: "Whether a petitioner who committed a crime that is
not a predicate crime may challenge his career offender status
under § 2241?" The Court clearly indicated that, because
Allen's prior conviction did not qualify that he could be
deemed actually innocent of it being a predicate offense for
federal sentencing purposes.

The Court held that Allen being sentenced under the
mandatory career offender guideline was no different from
being sentenced under a statute, citing Alleyne v. United
States, 570 U.S. 99 (2013), in which the Supreme Court held
that a fact that increases the mandatory minimum sentence as
an "element" of the offense that must be found by a jury.
Precisely, that is exactly what the § 851 mandatory penalty
did in Lii's case--requiring a mandatory minimum sentence of

life imprisonment the court had to impose, without anything more than the judge accepting the § 851 notices filed by the Government. As the Ninth Circuit suggested in Allen, this was a violation of Alleyne.

Accordingly, Lii has made a cognizable claim to invoke the savings clause, and contends that he is actually innocent for the 851 mandatory life sentence enhancement. He has been incarcerated since 2006, and in absence of one or both 851 predicates, his sentencing exposure would be significantly less than mandatory life imprisonment. Under the savings clause and Allen v. Ives, this court has jurisdiction to issue the writ, and grant Lii a resentencing in absence of the enhancement. Lii also submits that this court has jurisdiction to take into consideration the First Step Act's provision that amended Section 841 statutory enhancement. See e.g., United States v. Graves, 925 F.3d 1036 (9th Cir. 2019)(When the district court re-sentences Graves, it may also consider what effect, if any, the recently enacted First Step Act has on his sentence). See Pub. L. No. 115-391, § 401(a), 132 Stat. 5194 (Dec. 21, 2018).

## Conclusion

WHEREFORE, Petitioner Henry Kapononuiahopili Lii respectfully petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and other relief challenging his § 841/851 mandatory life enhancement, or any other relief the court deems fair and just.

DATED this 20th day of May, 2020.

Respectfully submitted,

Henry Kapononuiahopili Lii