1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10    HENRY LII, | Case No. 1:20-cv-00786-AWI-EPG-HC |
| 11            Petitioner, | FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO |
| 12      v. | DISMISS |
| 13    CIOLLI, | (ECF No. 12) |
| 14            Respondent. | |

15

16      Petitioner Henry Lii is a federal prisoner proceeding *pro se* with a petition for writ of

17 habeas corpus pursuant to 28 U.S.C. § 2241. In the instant petition, Petitioner challenges a

18 sentence imposed by the United States District Court for the District of Hawaii. As this Court

19 does have jurisdiction to entertain the instant petition pursuant to the savings clause of 28 U.S.C.

20 § 2255(e), the undersigned recommends that Respondent's motion to dismiss be denied.

21                                                                **I.**

22                                                      **BACKGROUND**

23      Petitioner is currently incarcerated at the United States Penitentiary in Atwater,

24 California, serving a life sentence imposed by the United States District Court for the District of

25 Hawaii. (ECF No. 1 at 1[1]; App. 69[2]). On March 15, 2006, Petitioner was charged with: (1)

26 conspiracy to distribute and possess with intent to distribute 50 grams or more of

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

[2] "App." refers to the Appendix lodged by Respondent on November 13, 2020. (ECF No. 12-1). App. page numbers refer to the page numbers stamped at the bottom right corner.

1

1    methamphetamine; (2) distribution of 50 grams or more of methamphetamine; and (3) possession

2    with intent to distribute 5 grams or more of methamphetamine. On July 7, 2006, the government

3    filed an information under 21 U.S.C. § 851 notifying Petitioner that it would enhance his

4    statutory mandatory minimum sentence based on Petitioner's prior felony drug convictions under

5    Hawaii law. (App. 44–66). On August 24, 2006, Petitioner pleaded guilty to all three counts.

6    (App. 30). During the sentencing hearing, Petitioner admitted that he was the person convicted of

7    the two offenses set forth in the information filed under 21 U.S.C. § 851. Transcript of

8    Sentencing at 7–8, United States v. Lii, No. CR-06-00143-JMS (D. Haw. Feb. 6, 2007), ECF No.

9    88.[3] The United States District Court for the District of Hawaii sentenced Petitioner to an

10   imprisonment term of life on Counts 1 and 2 and 120 months on Count 3. (App. 33, 69).

11        The Ninth Circuit affirmed Petitioner's convictions and sentence. United States v. Lii,

12   259 F. App'x 970 (9th Cir. 2007). On August 10, 2009, Petitioner filed a § 2255 motion, which

13   was denied as untimely on January 22, 2010. (App. 85–100). On November 24, 2014, Petitioner

14   filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (App. 38). On

15   December 4, 2015, the United States District Court for the District of Hawaii denied the motion.

16   (App. 101–06). The district court also denied Petitioner's motion for reconsideration and second

17   motion for reconsideration. (App. 40, 107–14).

18        Meanwhile, on September 12, 2013, Petitioner filed a § 2241 petition in this Court,

19   arguing that his prior convictions should not serve as predicate offenses under Descamps v.

20   United States, 570 U.S. 254 (2013). Petition, Lii v. Copenhaver, No. 1:13-cv-01508-AWI-MJS

21   (E.D. Cal. Sept. 12, 2013), ECF No. 1.[4] On February 20, 2015, this Court dismissed the petition,

22   finding that Petitioner did not meet either prong of the savings clause. Lii v. Copenhaver, No.

23   1:13-cv-01508 AWI MJS HC, 2015 U.S. Dist. LEXIS 189652 (E.D. Cal. Feb. 20, 2015),

24   ───────────────

25   [3] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if
     those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v.
     Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United

26   States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed
     matters of public record, which may include court records available through PACER."); Reyn's Pasta Bella, LLC v.

27   Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other
     matters of public record.").

28   [4] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119
     (9th Cir. 1980).

2

1    adopting report and recommendation, 2014 U.S. Dist. LEXIS 166372 (E.D. Cal. Nov. 26, 2014).

2    On August 16, 2017, the Ninth Circuit affirmed that Petitioner's claim did not qualify under the

3    savings clause and dismissal was appropriate. Memorandum, Lii v. Copenhaver, No. 16-15539

4    (9th Cir. Aug. 16, 2017).

5         On June 5, 2020, Petitioner filed the instant federal petition for writ of habeas corpus

6    pursuant to 28 U.S.C. § 2241. (ECF No. 1). In the petition, Petitioner asserts that he is actually

7    innocent of his sentence of mandatory life imprisonment because his prior drug convictions are

8    not qualifying predicate offenses under Mathis v. United States, 136 S. Ct. 2243 (2016), and

9    Descamps v. United States, 570 U.S. 254 (2013), and that Petitioner did not have an

10   unobstructed procedural shot at presenting this actual innocence claim earlier. (ECF No. 1 at 6–

11   7). On November 13, 2020, Respondent filed a motion to dismiss, arguing that Petitioner's claim

12   may not be raised under 28 U.S.C. § 2241 and no escape hatch exception applies. (ECF No. 12).

13   No opposition to the motion to dismiss has been filed, and the time for doing so has passed.

**II.**

**DISCUSSION**

16        A federal court may not entertain an action over which it has no jurisdiction. Hernandez

17   v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). Thus, a district court must address

18   the threshold question whether a petition was properly brought under § 2241 or § 2255 in order

19   to determine whether the district court has jurisdiction. Id. A federal prisoner who wishes to

20   challenge the validity or constitutionality of his federal conviction or sentence must do so by

21   moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28

22   U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general

23   rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner

24   may test the legality of his detention, and that restrictions on the availability of a § 2255 motion

25   cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d

26   895, 897 (9th Cir. 2006) (citations omitted).

27        Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal

28   prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255

1    to be "inadequate or ineffective to test the validity of his detention." <u>Alaimalo</u>, 645 F.3d at 1047

2    (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); <u>Harrison v. Ollison</u>, 519 F.3d

3    952, 956 (9th Cir. 2008); <u>Hernandez</u>, 204 F.3d at 864–65. The Ninth Circuit has recognized that

4    it is a very narrow exception. <u>See</u> <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1059 (9th Cir. 2003). The

5    remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a

6    prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. <u>Id.</u>

7    The burden is on the petitioner to show that the remedy is inadequate or ineffective. <u>Redfield v.</u>

8    <u>United States</u>, 315 F.2d 76, 83 (9th Cir. 1963).

9          A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner

10   "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at

11   presenting that claim." <u>Stephens</u>, 464 F.3d at 898 (citing <u>Ivy</u>, 328 F.3d at 1060).

12         **A.  <u>Descamps</u> and <u>Mathis</u>**

13         At the outset, the Court will set forth the background of the issues underlying Petitioner's

14   actual innocence claim and the Supreme Court's decisions in <u>Descamps</u> and <u>Mathis</u>.

15         Various federal statutes and the United States Sentencing Guidelines impose enhanced

16   sentences on certain defendants who have prior convictions for certain offenses. <u>See, e.g.</u>, 18

17   U.S.C. § 924(e) (imposing fifteen-year mandatory minimum instead of otherwise applicable ten-

18   year statutory maximum on persons who violate 18 U.S.C. § 922(g) and have three previous

19   convictions for a "violent felony" or "serious drug offense"); 21 U.S.C. § 841(b)(1)(A)

20   (enhancing mandatory minimum by five years on persons who violate 21 U.S.C. § 841(a)

21   involving quantities set forth in § 841(b)(1)(A) after one prior conviction for a "serious drug

22   felony" or "serious violent felony"); U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1

23   (career offender sentencing enhancement).

24          "To determine whether a past conviction is for one of those [sentence-enhancing]

25   offenses, courts compare the elements of the crime of conviction with the elements of the

26   'generic' version of the . . . offense—<i>i.e.</i>, the offense as commonly understood." <u>Mathis</u>, 136 S.

27   Ct. at 2247. The Supreme Court has consistently "held that the prior crime qualifies as

28   a[ sentence-enhancing] predicate if, but only if, its elements are the same as, or narrower than,

1   those of the generic offense." Id. "To determine whether a prior conviction is for [a] generic

2   [offense] courts apply what is known as the categorical approach: They focus solely on whether

3   the elements of the crime of conviction sufficiently match the elements of [the] generic [offense],

4   while ignoring the particular facts of the case." Mathis, 136 S. Ct. at 2248 (citing Taylor v.

5   United States, 495 U.S. 575, 600–01 (1990)). "The comparison of elements that the categorical

6   approach requires is straightforward when a statute sets out a single (or 'indivisible') set of

7   elements to define a single crime. The court then lines up that crime's elements alongside those

8   of the generic offense and sees if they match." Mathis, 136 S. Ct. at 2248.

9           "Some statutes, however, have a more complicated (sometimes called 'divisible')

10  structure, making the comparison of elements harder. A single statute may list elements in the

11  alternative, and thereby define multiple crimes." Mathis, 136 S. Ct. at 2249 (citing Descamps,

12  133 S. Ct. at 2283). The Supreme "Court approved the 'modified categorical approach' for use

13  with statutes having multiple alternative elements." Mathis, 136 S. Ct. at 2249 (citing Shepard v.

14  United States, 544 U.S. 13, 26 (2005)). "Under that approach, a sentencing court looks to a

15  limited class of documents (for example, the indictment, jury instructions, or plea agreement and

16  colloquy) to determine what crime, with what elements, a defendant was convicted of." Mathis,

17  136 S. Ct. at 2249 (citing Shepard, 544 U.S. at 26; Taylor, 495 U.S. at 602). "The court can then

18  compare that crime, as the categorical approach commands, with the relevant generic offense."

19  Mathis, 136 S. Ct. at 2249.

20          Descamps involved the "Armed Career Criminal Act (ACCA or Act), 18 U.S.C. § 924(e),

21  [which] increases the sentences of certain federal defendants who have three prior convictions

22  'for a violent felony,' including 'burglary, arson, or extortion.'" 570 U.S. at 257. Descamps was

23  convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and the

24  government sought an enhanced sentence under ACCA based on Descamps's prior state

25  convictions for burglary, robbery, and felony harassment. Descamps argued that his prior

26  burglary conviction could not count as an ACCA predicate under the categorical approach. Id. at

27  258. The question presented in Descamps was "whether sentencing courts may also consult th[e]

28  additional documents [used in the modified categorical approach] when a defendant was

1  convicted under an 'indivisible' statute—*i.e.*, one not containing alternative elements—that

2  criminalizes a broader swath of conduct than the relevant generic offense. That would enable a

3  court to decide, based on information about a case's underlying facts, that the defendant's prior

4  conviction qualifies as an ACCA predicate even though the elements of the crime fail to satisfy

5  our categorical test." Descamps, 570 U.S. at 258.

6        The Supreme Court reiterated "that sentencing courts may not apply the modified

7  categorical approach when the crime of which the defendant was convicted has a single,

8  indivisible set of elements." 570 U.S. at 258. Descamps rejected the Ninth Circuit's

9  "(excessively) modified approach," which "could turn a conviction under *any* statute"—

10  including one "contain[ing] a single, indivisible set of elements covering far more conduct that

11  the generic crime"—into a predicate offense by allowing a sentencing court to "look at reliable

12  materials (the charging document, jury instructions, plea colloquy, and so forth) to determine

13  what facts can confidently be thought to underlie the defendant's conviction in light of the

14  prosecutorial theory of the case and the facts put forward by the government" regardless of

15  "whether specific words in the statute of conviction actually required the jury (or judge accepting

16  a plea) to find a particular generic element." Id. at 271, 265–66 (internal quotation marks,

17  citations, and alterations in the original omitted). The Supreme Court found that the Ninth

18  Circuit's approach "ha[d] no roots in [its] precedents" and that Supreme Court "caselaw

19  explaining the categorical approach and its 'modified' counterpart all but resolve[d Descamps']

20  case." Id. at 267, 260.

21        Subsequently, in Mathis, the Supreme Court addressed "a different kind of alternatively

22  phrased law: not one that lists multiple elements disjunctively, but instead one that enumerates

23  various factual means of committing a single element." 136 S. Ct. at 2249. Mathis pleaded guilty

24  to being a felon in possession of a firearm, and the government sought an enhanced sentence

25  under ACCA based on Mathis's five prior convictions for burglary under Iowa law. 136 S. Ct. at

26  2250. Iowa's burglary statute "covers more conduct than generic burglary" because it "reaches a

27  broader range of places" and "those listed locations are not alternative elements, going toward

28  the creation of separate crimes" but rather "they lay out alternative ways of satisfying a single

1 locational element." Mathis, 136 S. Ct. at 2250. The issue before the Supreme Court was

2 "whether ACCA treats this kind of statute as it does all others, imposing a sentence enhancement

3 only if the state crime's elements correspond to those of a generic offense—or instead whether

4 the Act makes an exception for such a law, so that a sentence can be enhanced when one of the

5 statute's specified means creates a match with the generic offense, even though the broader

6 element would not." Mathis, 136 S. Ct. at 2250.

7        In declining to find such an exception, the Supreme Court noted that its "precedents make

8 this a straightforward case" and that "[c]ourts must ask whether the crime of conviction is the

9 same as, or narrower than, the relevant generic offense. They may not ask whether the

10 defendant's conduct—his particular means of committing the crime—falls within the generic

11 definition." Mathis, 136 S. Ct. at 2257. In other words, the modified categorical approach "is not

12 to be repurposed as a technique for discovering whether a defendant's prior conviction, even

13 though for a too-broad crime, rested on facts (or otherwise said, involved means) that also could

14 have satisfied the elements of a generic offense." Id. at 2254.

15        Mathis also provided guidance "for a sentencing court faced with an alternatively phrased

16 statute . . . to determine whether its listed items are elements or means,"[5] Mathis, 136 S. Ct. at

17 2256, and "instructed courts not to assume that a statute lists alternative elements and defines

18 multiple crimes simply because it contains a disjunctive list," United States v. Martinez-Lopez,

19 864 F.3d 1034, 1039 (9th Cir. 2017) (en banc). "Although [the Ninth Circuit] properly

20 articulated the elements-based test before Mathis was decided, see Rendon v. Holder, 764 F.3d

21 1077, 1086 (9th Cir. 2014), [its] prior decisions on California drug statutes have often put undue

22 emphasis on the disjunctive-list rationale criticized in Mathis." Martinez-Lopez, 864 F.3d at

23 1039.[6]

24

25 [5] Mathis instructs federal sentencing courts to first consult "authoritative sources of state law" to "determine the nature of an alternatively phrased list." 136 S. Ct. at 2256. Two "easy" examples are "a state court decision [that] definitively answers the question" or "the statute on its face may resolve the issue." Id. "And if state law fails to provide clear answers, federal judges have another place to look: the record of a prior conviction itself. . . . for 'the

26 sole and limited purpose of determining whether [the listed items are] element[s] of the offense.'" Id. at 2256–57 (alterations in original) (quoting Rendon v. Holder, 782 F.3d 466, 473–474 (9th Cir. 2015) (Kozinski, J., dissenting

27 from denial of reh'g en banc)).
[6] Although both Descamps and Mathis concerned ACCA, the legal standards and analysis of the categorical and

28 modified categorical approaches set forth in those decisions are applicable to other contexts and other federal statutes that impose enhanced sentences based on prior convictions. See Mathis, 136 S. Ct. at 2252 (noting the

1       **B. Actual Innocence**

2           1. <u>Legal Standard</u>

3           With respect to the first requirement, in the Ninth Circuit a claim of actual innocence for

4    purposes of the § 2255 savings clause is tested by the standard articulated by the Supreme Court

5    in <u>Bousley v. United States</u>, 523 U.S. 614 (1998). <u>Stephens</u>, 464 F.3d at 898. In <u>Bousley</u>, the

6    Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that,

7    in light of all the evidence, it is more likely than not that no reasonable juror would have

8    convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted).

9           Previously, the Ninth Circuit stated that it had "not yet resolved the question whether a

10   petitioner may ever be actually innocent of a noncapital *sentence* for the purpose of qualifying

11   for the escape hatch." <u>Marrero v. Ives</u>, 682 F.3d 1190, 1193 (9th Cir. 2012). The petitioner in

12   <u>Marrero</u> asserted that he was actually innocent of being a career offender due to subsequent

13   amendments to the Sentencing Guidelines. <u>Marrero</u>, 682 F.3d at 1193. The Ninth Circuit held

14   that "the purely legal argument that a petitioner was wrongly classified as a career offender

15   under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the

16   escape hatch." <u>Id.</u> at 1195. <u>Marrero</u> also discussed, but did not endorse, the following exceptions

17   recognized in other circuits to the rule that a petitioner generally cannot assert a cognizable claim

18   of actual innocence of a noncapital sentencing enhancement:

19              First, some courts have held that a petitioner may be actually
                innocent of a sentencing enhancement if he was *factually* innocent
20              of the crime that served as the predicate conviction for the
                enhancement. Second, some courts have suggested that a petitioner
21              may qualify for the escape hatch if he received a sentence for
                which he was statutorily ineligible. And third, some courts have
22              left open the possibility that a petitioner might be actually innocent
                of a sentencing enhancement if the sentence resulted from a
23              constitutional violation.

24   <u>Marrero</u>, 682 F.3d at 1194–95 (citations omitted).

25          Subsequently, the Ninth Circuit answered the question left open in <u>Marrero</u> and found

26   that a petitioner "ha[d] made a claim of actual innocence that permits jurisdiction over his § 2241

27   _____

28   Supreme Court's "decisions applying the categorical approach outside the ACCA context"); <u>United States v. Graves</u>, 925 F.3d 1036 (9th Cir. 2019) (applying categorical approach to determine whether prior convictions qualified as predicate felony drug offenses under 21 U.S.C. § 841(b)(1)(A)).

1   petition." <u>Allen v. Ives</u>, 950 F.3d 1184 (9th Cir.), <u>reh'g en banc denied</u>, 976 F.3d 863 (9th Cir.

2   2020). In <u>Allen</u>, the petitioner's sentence was enhanced under the career offender provisions of

3   U.S.S.G. §§ 4B1.1 and 4B1.2 (1997) after the district court concluded that Allen was a career

4   offender based on two predicate "controlled substances offenses," one of which was a conviction

5   for two sales of marijuana on the same day under Connecticut General Statute 21a-277(a). <u>Allen</u>,

6   950 F.3d at 1186. Allen asserted that "under <u>Mathis</u> and <u>Descamps</u>, which apply retroactively,

7   that his conviction under [Connecticut General Statute 21a-277(a)] is not a conviction for a

8   predicate crime. That is, Allen claims that he is actually innocent of a crime that would qualify

9   him for career offender status, and is therefore actually innocent of the sentence that was

10  imposed." <u>Allen</u>, 950 F.3d at 1188.

11          The Ninth Circuit panel in <u>Allen</u> distinguished <u>Marrero</u>, which involved a claim of actual

12  innocence "based on a non-retroactive interpretation of the Guidelines, and [the petitioner] made

13  no claim to factual innocence of the crimes of which he had been convicted." <u>Allen</u>, 950 F.3d at

14  1190. In contrast, the claim at issue in <u>Allen</u> involved retroactively applicable Supreme Court

15  caselaw. <u>Id.</u>; <u>see also</u> <u>Allen</u>, 976 F.3d at 864 (W. Fletcher, J., concurring in denial of reh'g en

16  banc). <u>Allen</u> also discussed the decisions cited by <u>Marrero</u> regarding the exceptions recognized

17  in other circuits to the general rule that a petitioner cannot assert a cognizable claim of actual

18  innocence of a noncapital sentencing enhancement. <u>Allen</u> noted that those decisions "restricted

19  actual innocence claims to cases in which the sentence exceeded what would otherwise have

20  been the statutory maximum." <u>Allen</u>, 950 F.3d at 1189. Such a restriction, however, did not

21  preclude Allen from making a claim of actual innocence that permits jurisdiction over his § 2241

22  petition because "the advisory nature of the post-<u>Booker</u>[7] guidelines was important to the

23  reasoning in those decisions," and for prisoners sentenced under the mandatory Guidelines like

24  Allen,[8] the Ninth Circuit "doubt[ed] such a restriction can survive the Supreme Court's holding

25  _____

    [7] In <u>United States v. Booker</u>, 543 U.S. 220, 245 (2005), the Supreme Court found "the provision of the federal
    sentencing statute that makes the [Sentencing] Guidelines mandatory, 18 U.S.C. § 3553(b)(1) (Supp. IV),
26  incompatible with" the Sixth Amendment. The Supreme Court "conclude[d] that this provision must be severed and
    excised . . . . So modified, the federal sentencing statute, as amended, makes the Guidelines effectively advisory."
27  <u>Id.</u> (internal citations omitted).
    [8] "[T]he finding that Allen was a career offender increased his minimum sentence under the mandatory Guidelines
28  from 235 months to 262 months and disqualified him from receiving an otherwise available downward departure."
    <u>Allen</u>, 950 F.3d at 1189.

1   in Alleyne v. United States, that a fact that increases a mandatory minimum sentence is an

2   'element' of the offense." Allen, 950 F.3d at 1189 (citing Alleyne v. United States, 570 U.S. 99,

3   107–08 (2013)).

4          2.   Analysis

5          In the motion to dismiss, Respondent argues that Petitioner's reliance on Allen is wrong

6   because Allen "narrowly held that one can be actually innocent of-a-sentence imposed under the

7   pre-Booker mandatory sentencing guidelines" and "actual innocence of-a-sentence 'escape

8   hatch' qualification is only permissible to challenge a pre-Booker mandatory guideline

9   sentence." (ECF No. 12 at 5). As Petitioner's sentence was imposed after Booker, Respondent

10  asserts that Allen is inapplicable.

11         Respondent's argument is not persuasive. Here, Petitioner was sentenced to a statutory

12  mandatory minimum of life imprisonment after the sentencing court found Petitioner had two

13  prior felony drug offenses under 21 U.S.C. § 841(b)(1)(A). As noted by the Ninth Circuit on

14  direct appeal, "United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005),

15  'does not bear on mandatory minimums.'" Lii, 259 F. App'x at 971 (quoting United States v.

16  Cardenas, 405 F.3d 1046, 1048 (9th Cir. 2005)). The Ninth Circuit emphasized that Allen was

17  sentenced under the mandatory Sentencing Guidelines in order to distinguish Allen's actual

18  innocence claim from those other circuit decisions cited by Marrero that "restricted actual

19  innocence [of noncapital sentence] claims to cases in which the sentence exceeded what would

20  otherwise have been the statutory maximum" and whose reasoning stressed "the advisory nature

21  of the post-Booker guidelines." Allen, 950 F.3d at 1189 (citing Gibbs v. United States, 655 F.3d

22  473, 479 (6th Cir. 2011) ("While the sentencing guidelines are used as a starting point for

23  determining where within the statutorily set range a prisoner's sentence should fall, the

24  guidelines themselves are advisory. A challenge to the sentencing court's guidelines calculation,

25  therefore, only challenges the legal process used to sentence a defendant and does not raise an

26  argument that the defendant is ineligible for the sentence she received.")).

27         The same concern is not present in the instant case because Petitioner argues that his life

28  sentence exceeds what would otherwise have been the statutory maximum; Petitioner does not

1   contend that he is actually innocent of an advisory Guideline sentence. Rather, Petitioner argues

2   that under <u>Mathis</u> and <u>Descamps</u>, his prior convictions were not convictions for a felony drug

3   offense under 21 U.S.C. § 841(b)(1)(A) and thus, Petitioner is actually innocent of the statutory

4   mandatory minimum sentence that was imposed. <u>See</u> <u>Allen</u>, 976 F.3d at 869 (W. Fletcher, J.,

5   concurring in denial of reh'g en banc) ("For other petitioners to be similarly situated to Allen and

6   to be actually innocent of a mandatory sentence, they will have to show: (1) they were convicted

7   of prior offenses, at least one of which was mistakenly deemed to qualify as a predicate offense;

8   (2) the mistake was later addressed by the Supreme Court in a retroactive decision clarifying the

9   applicable law; (3) they received a *mandatory sentence under a mandatory sentencing scheme*;

10  and (4) all of this came to light after the opportunity to raise it in a § 2255 motion had passed."

11  (emphasis added)); <u>Marrero</u>, 682 F.3d at 1194 (noting that "some courts have suggested that a

12  petitioner may qualify for the escape hatch if he received a sentence for which he was statutorily

13  ineligible"); <u>Gonzalez v. Ciolli</u>, No. 1:20-cv-00724-DAD-SKO, 2021 WL 1016387 (E.D. Cal.

14  Mar. 17, 2021) (declining to adopt recommendation that §2241 petition should be summarily

15  dismissed for lack of escape hatch jurisdiction where petitioner argued that he is actually

16  innocent of the mandatory life sentence enhancement proscribed by 21 U.S.C. § 841(b)(1)(A)).

17      The Court finds instructive two cases in which the Ninth Circuit has subsequently applied

18  <u>Allen</u>. The Ninth Circuit found that a petitioner had made a claim of actual innocence that

19  permits jurisdiction over his § 2241 petition where the petitioner, who was sentenced to life in

20  prison pursuant to the federal three strikes law, 18 U.S.C. § 3559, argued that his prior

21  convictions for aggravated robbery did not qualify as serious violent felonies for purposes of 18

22  U.S.C. § 3559. <u>United States v. Wehmhoefer</u>, 835 F. App'x 208, 209–11 (9th Cir. 2020), <u>reh'g</u>

23  <u>and reh'g en banc denied</u>, No. 18-55830, 2021 U.S. App. LEXIS 932 (9th Cir. Jan. 13, 2021).

24  The Ninth Circuit also found the actual innocence requirement of the savings clause satisfied

25  where a petitioner, who was sentenced to five years over the otherwise applicable statutory

26  maximum, argued that his prior convictions for second-degree burglary did not qualify as violent

27  felonies under the Armed Career Criminal Act. <u>Chaney v. Blanckensee</u>, 804 F. App'x 579, 580,

28  581 (9th Cir. 2020) (stating that <u>Allen</u> held "that claims that a petitioner is actually innocent of a

1  noncapital sentence under <u>Descamps</u> and <u>Mathis</u>, including but not limited to claims that a

2  petitioner's sentence exceeds the statutory maximum, are claims of actual innocence cognizable

3  under the escape hatch").

4       Respondent cites to district court cases to support the assertion that "actual innocence of-

5  a-sentence 'escape hatch' qualification is only permissible to challenge a pre-<u>Booker</u> mandatory

6  guideline sentence." (ECF No. 12 at 5). However, these cases are distinguishable from the instant

7  petition. <u>Jaramillo v. United States</u>, 2020 WL 3001783 (D. Ariz. May 11, 2020), <u>report and</u>

8  <u>recommendation adopted</u>, 2020 WL 2991584 (D. Ariz. June 4, 2020), did not involve a statutory

9  mandatory minimum sentence. In <u>Cortez-Diaz v. Martinez</u>, 2020 WL 3833418 (C.D. Cal. July

10 07, 2020), the "petition allege[d] error with a jury instruction at trial and other factual findings

11 regarding the quantity of methamphetamine involved" rather than asserting an actual innocence

12 of a sentence claim based on <u>Descamps</u> and <u>Mathis</u>. In <u>Bell v. Salazar</u>, No. 3:20-CV-00467-JE,

13 2020 WL 4059699, at *2 (D. Or. July 20, 2020), <u>report and recommendation adopted</u>, 2020 WL

14 5026844 (D. Or. Aug. 21, 2020), the district court actually "[a]ssum[ed] that Petitioner's

15 challenge to a sentencing enhancement amounts to a cognizable claim of actual innocence where

16 he does not claim to be innocent of any of his crimes of conviction," but found that the petitioner

17 could not avail himself of the savings clause because he "cannot credibly assert that he lacked an

18 unobstructed procedural opportunity to present his claims." <u>See also</u> <u>Daggs v. Bureau of Prisons</u>,

19 No. CV 19-6545-PSG (AGR), 2020 WL 2542607 (C.D. Cal. Apr. 16, 2020), <u>report and</u>

20 <u>recommendation adopted,</u>  2020 WL 3037213 (C.D. Cal. June 5, 2020) (assuming that actual

21 innocence requirement satisfied where petitioner argued that he is actually innocent of sentence

22 imposed because his two prior felony drug convictions in Louisiana did not qualify for

23 mandatory life sentence under 21 U.S.C. § 851, but declining to exercise jurisdiction under

24 § 2241 because petitioner did have unobstructed procedural shot to present his claim).

25       Based on the foregoing, the undersigned finds that if Petitioner "is correct under <u>Mathis</u>

26 and <u>Descamps</u> that his [prior] conviction is not a conviction for a felony drug offense under 21

27 U.S.C. § 841(b)(1)(A), he is 'actually innocent of a noncapital sentence for the purpose of

28 qualifying for the escape hatch.'" <u>Allen</u>, 950 F.3d at 1190 (quoting <u>Marrero</u>, 682 F.3d at 1193).

1          **C.  Unobstructed Procedural Shot**

2          With respect to the second savings clause requirement, "it is not enough that the

3    petitioner is presently barred from raising his claim of innocence by motion under § 2255. He

4    must never have had the opportunity to raise it by motion." Ivy, 328 F.3d at 1060. In determining

5    whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court

6    considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had

7    exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any

8    way relevant' to petitioner's claim after that first § 2255 motion." Harrison v. Ollison, 519 F.3d

9    952, 960 (9th Cir. 2008) (quoting Ivy, 328 F.3d at 1060–61). "If an intervening court decision

10   after a prisoner's direct appeal and first § 2255 motion 'effect[s] a material change in the

11   applicable law[,]' then the prisoner did not have an unobstructed procedural shot to present his

12   claim." Allen, 950 F.3d at 1190 (quoting Alaimalo, 645 F.3d at 1047–48).

13          In Allen, the Ninth Circuit found "Allen did not have an unobstructed procedural shot at

14   presenting his claim of actual innocence because it was foreclosed by existing precedent at the

15   time of his direct appeal and § 2255 motion." Allen, 950 F.3d at 1190. The Ninth Circuit

16   explained:

17
              Under the law at the time of his § 2255 motion, his conviction
              under Connecticut law would have been analyzed under
18            the  modified categorical approach because the statute of
              conviction—Connecticut General Statute § 21a-277—would have
19            been deemed divisible. *See United States v. Beardsley*, 691 F.3d
              252, 265 (2d Cir. 2012) (statute was "not divisible into predicate
20            and non-predicate offenses" because it did not list these offenses
              "in separate subsections or a disjunctive list"). Under that
21            approach, Allen's claim would have failed.

22            Based on the Supreme Court's later decisions in *Mathis* and
              *Descamps*, Allen is now able to argue that (1) the categorical
23            approach should apply to Connecticut General Statute § 21a-277,
              and (2) his conviction for marijuana possession is not a "controlled
24            substance offense" under the categorical approach. *See United
              States v. Savage*, 542 F.3d 959, 965-66 (2d Cir. 2008) (definition
25            of "sale" as used in § 21a-277 includes "mere offer[s]" to sell
              controlled substances, thereby criminalizing "more conduct than
26            falls within the federal definition of a controlled substance
              offense").
27

28   Allen, 950 F.3d at 1190–91.

1    Similarly, here, <u>Descamps</u> and <u>Mathis</u> were decided years after Petitioner's direct appeal

2  and first § 2255 motion, and Petitioner "did not have an unobstructed procedural shot at

3  presenting his claim of actual innocence because it was foreclosed by existing precedent at the

4  time of his direct appeal and § 2255 motion." <u>Allen</u>, 950 F.3d at 1190. Under the law at the time

5  of Petitioner's direct appeal and first § 2255 motion, Petitioner's prior convictions would have

6  been analyzed under the modified categorical approach. See <u>Descamps</u>, 570 U.S. at 271

7  (rejecting in 2013 the Ninth Circuit's "(excessively) modified approach [that] den[ied] any real

8  distinction between divisible and indivisible statutes extending further than the generic offense").

9  The Court agrees with Petitioner's contention that "[b]ased on the Supreme Court's later

10  decisions in <u>Descamps</u> and <u>Mathis</u>, and [the] Ninth Circuit's recent decision in <u>Allen v. Ives</u>, Lii

11  is [now] able to argue that . . . the categorical approach should apply to his Hawaii prior

12  convictions that were used to seek the § 851 enhancement to a mandatory life imprisonment

13  term; [and] (2) his Hawaii prior convictions are not categorically 'felony drug offenses.'"[9] (ECF

14  No. 1 at 18).

15    Because Petitioner's "claim under <u>Mathis</u> and <u>Descamps</u> 'did not become available until

16  after the [court] denied his § 2255 motion, and because that claim does not satisfy the criteria of

17  § 2244 for a second or successive § 2255 motion, [Petitioner] has not had (and, indeed, will

18  never get) an opportunity to present his . . . claim in a § 2255 motion' that his prior convictions

19  _____

20  [9] The Court notes that the language in the petition is inconsistent. For example, the petition also states that
"[b]ecause the Hawaii statutes as a whole 'comprises multiple, alternative versions of the crimes,' the statutes are
divisible and subject to the *modified* categorical approach." (ECF No. 1 at 12) (emphasis added). Petitioner also

21  states that after <u>Mathis</u>, "the Ninth Circuit beg[a]n to apply the *categorical* approach to States prior drug convictions
as these convictions relate[] to enhanced penalties," (ECF No. 1 at 18) (emphasis added), yet cites Ninth Circuit
cases that have applied both the categorical approach and the modified categorical approach. See <u>United States v.</u>

22  <u>Graves</u>, 925 F.3d 1036, 1040 (9th Cir. 2019) (holding "California Penal Code § 4573.6 is not a divisible statute and
therefore cannot be a categorical 'felony drug offense' triggering a 'mandatory term of life imprisonment' under 21
U.S.C. § 841(b)(1)(A) (2016)"); <u>United States v. Mapuatuli</u>, 762 F. App'x 419, 422 (9th Cir. 2019) (holding that

23  California Health & Safety Code section 11366.5(a), which prohibits maintaining a property for purposes of
manufacturing a controlled substance, "is not divisible, [and] the modified categorical approach has no

24  application"); <u>United States v. Ocampo-Estrada</u>, 873 F.3d 661, 663–64 (9th Cir. 2017) (holding that California drug
statute, Cal. Health & Safety Code § 11378, is divisible and subject to the modified categorical approach); <u>United</u>

25  <u>States v. Martinez-Lopez</u>, 864 F.3d 1034 (9th Cir. 2017) (en banc) (holding that California drug statute, Cal. Health
& Safety Code § 11352, is divisible and subject to the modified categorical approach). In light of the petition's
inconsistent language, the Court construes Petitioner's claim to be that the categorical approach should apply to his

26  prior convictions and that his prior convictions do not qualify as a "felony drug offense" triggering a mandatory
term of life imprisonment under 21 U.S.C. § 841(b)(1)(A). See <u>United States v. Qazi</u>, 975 F.3d 989, 992–93 (9th

27  Cir. 2020) ("It is an entrenched principle that pro se filings however inartfully pleaded are held to less stringent
standards than formal pleadings drafted by lawyers. We are specifically directed to construe pro se pleadings
liberally. This duty applies equally to pro se motions and with special force to filings from pro se inmates." (internal

28  quotation marks and citations omitted)).

14

1   were not for predicate crimes under the standard in <u>Mathis</u> and <u>Descamps</u>." <u>Allen</u>, 950 F.3d at

2   1191 (quoting <u>Stephens</u>, 464 F.3d at 898). Accordingly, Petitioner has not had an unobstructed

3   procedural shot at presenting his actual innocence claim.

**III.**

**RECOMMENDATION**

6     Based on the foregoing, the undersigned HEREBY RECOMMENDS that Respondent's

7   motion to dismiss (ECF No. 12) be denied.

8     This Findings and Recommendation is submitted to the assigned United States District

9   Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

10  Rules of Practice for the United States District Court, Eastern District of California. Within

11  **THIRTY (30) days** after service of the Findings and Recommendation, any party may file

12  written objections with the court and serve a copy on all parties. Such a document should be

13  captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the

14  objections shall be served and filed within fourteen (14) days after service of the objections. The

15  assigned United States District Court Judge will then review the Magistrate Judge's ruling

16  pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within

17  the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v.</u>

18  <u>Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th

19  Cir. 1991)).

20

IT IS SO ORDERED.

21

22   Dated:   **April 5, 2021**      /s/ *Erica P. Grosjean*

23             UNITED STATES MAGISTRATE JUDGE