# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY LII,<br><br>    Petitioner,<br><br>    v.<br><br>CIOLLI,<br><br>    Respondent. | Case No. 1:20-cv-00786-AWI-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 16) |

Petitioner Henry Lii is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As Petitioner has been released from custody, the undersigned recommends that the petition be dismissed as moot.

**I.**

**BACKGROUND**

In 2006, Petitioner pleaded guilty to three methamphetamine-related offenses and was sentenced to a statutory mandatory minimum sentence of life imprisonment based on two prior drug convictions under Hawaii law. (ECF No. 12-1 at 44–45, 67–69).[1] The Ninth Circuit affirmed Petitioner's convictions and sentence. United States v. Lii, 259 F. App'x 970 (9th Cir. 2007).

On June 5, 2020, Petitioner filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In the petition, Petitioner asserts that he is actually

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

innocent of his sentence of mandatory life imprisonment because his prior drug convictions are not qualifying predicate offenses under <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016), and <u>Descamps v. United States</u>, 570 U.S. 254 (2013), and that Petitioner did not have an unobstructed procedural shot at presenting this actual innocence claim earlier. (ECF No. 1 at 6–7). On November 13, 2020, Respondent filed a motion to dismiss, arguing that Petitioner's claim may not be raised under 28 U.S.C. § 2241 and no escape hatch exception applies. (ECF No. 12). On May 24, 2021, the motion to dismiss was denied. (ECF No. 14).

Meanwhile, on December 8, 2020, Petitioner filed a motion for compassionate release or reduction in sentence under 18 U.S.C. § 3582 in the sentencing court. (ECF No. 16-1 at 19). On March 23, 2021, the United States District Court for the District of Hawaii granted Petitioner's motion for compassionate release and reduced Petitioner's sentence to time served plus fourteen days of quarantine to minimize COVID-19 risks. (<u>Id.</u> at 52–53). Petitioner was released from prison on April 7, 2021. (<u>Id.</u> at 54).

On July 21, 2021, Respondent filed the instant motion to dismiss, arguing *inter alia* that the petition should be dismissed as moot because Petitioner is no longer a federal prisoner. (ECF No. 16). No opposition to the motion to dismiss has been filed, and the time for doing so has passed.

**II.**

**DISCUSSION**

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998) (quoting <u>Lewis</u>, 494 U.S. at 477).

In the petition, Petitioner requests that he be resentenced to time served. (ECF No. 1 at 7). As previously noted, the United States District Court for the District of Hawaii granted Petitioner's motion for compassionate release and reduced Petitioner's sentence to time served

on March 23, 2021. Given that Petitioner has received the remedy he requested in his petition, the undersigned finds that no case or controversy exists.

### III.

### RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 16) be granted and the petition be dismissed as moot.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 31, 2021**          /s/ Erica P. Grosjean
                             UNITED STATES MAGISTRATE JUDGE